UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION H-12-614 |
| § | |
| SAMUEL CASTRO-FLORES § | |

ORDER

Pending before the court is the government's opposed motion for reconsideration and unopposed motion for protective order. Dkt. 201. On September 23, 2013, this court entered an order requiring the government to produce the alien files ("A-files") of the material witnesses held for trial in this criminal proceeding against Castro-Flores. Dkt. 198. The government seeks reconsideration and clarification of that order based on additional information not previously known by the court. Specifically, the government has informed the court that six additional aliens allegedly held hostage who were not held as material witnesses have not been deported. Dkt. 201 at 1-2. Jose Maldonado also has not been deported yet, and awaits removal proceedings. *Id.* at 2. Finally, the government seeks the court's guidance as to whether it is required to produce the A-files of additional witnesses it intends to call at trial, including family members of the victims allegedly held hostage by Castro-Flores and his co-conspirators.

After considering the briefings of the parties and applicable law, the court will GRANT the government's motion for reconsideration in order to clarify its previous order and address the new information provided by the government. Consistent with its previous order, the court maintains its directive for the government to produce the A-files of the six material witnesses held for trial and expected to testify in this matter. In the interest of ensuring the safety of these witnesses, the

government may redact any personal identifying information of the witnesses which may be contained in the A-files. The government has agreed to release to the defense the names and last known contact information of the other alleged victims who have not been deported. Dkt. 201 at 2 n.1. The court is satisfied that this will allow the defense an opportunity to contact and interview these individuals. The government should also provide to the defense the last known contact information of Jose Maldonado. The defendant has not otherwise shown a need for the entire A-files of these individuals. *See United States v. Cantu*, 557 F.2d 1173, 1179 (5th Cir. 1977) (affirming district court's exercise of discretion in denying defendant immigration files). Thus, the court will not require the government to disclose the A-files of other witnesses it intends to call at trial, except to the extent that it is required to do so under the mandates of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).

By this order, the court will also GRANT the government's unopposed motion for a protective order. It is therefore ORDERED:

1. Many of the materials provided as discovery, including A-files and I-213s (hereinafter discovery materials), which were produced by the Government in preparation for trial or in connection with any stage of the proceedings in this case, are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

2. Such discovery materials provided by the Government should be utilized by the defendants solely in connection with the defense of this case and for no other purpose.

3. Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity

other than the defendants, defendants' counsel, persons employed to assist in the defense, or such other persons as to whom the court may authorize disclosure.

4. Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense.

5. Defendants' counsel shall inform the defendant of the provisions of this Protective Order and direct him not to disclose or use any information contained in the Government's discovery materials in violation of this Protective Order.

6. This Protective Order does not constitute a ruling on the question of whether any particular material is properly admissible and does not constitute any ruling on admissibility.

It is so ORDERED.

Signed at Houston, Texas on October 9, 2013.

_____
Gray H. Miller
United States District Judge