UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-12-614-4 |
| | § | |
| | § | |
| SAMUEL CASTRO-FLORES *in custody* | § | |

ORDER

Pending before the court are defendant Samuel Castro-Flores' motion to dismiss (Dkt. 230) and motion for bill of particulars (Dkt. 267). Having considered the motions, responses, and applicable law, the court is of the opinion that both motions should be DENIED.

A.   **Motion to Dismiss**

Defendant filed his motion to dismiss at the time that the Fourth Superseding Indictment remained the live charging instrument in this case. Since that time, the government has filed a Fifth Superseding Indictment. While the court could deny as moot defendant's motion to dismiss based on the subsequent indictment, the court will consider defendant's arguments to the extent they are still applicable to the Fifth Superseding Indictment.

Defendant challenges the charges against him under the Hostage Taking Act, 18 U.S.C. § 1203, on the basis that the statute unconstitutionally violates defendant's equal protection rights. Specifically, defendant asserts that he is subject to prosecution solely by virtue of his alienage because a United States citizen would not be subject to prosecution under the crime as it is indicted. As an initial matter, the court does not agree that a United States citizen could not be charged for the offense for which the defendant is under indictment. In this particular case, a United States citizen

would be subject to prosecution because the alleged hostages are themselves not United States citizens. 18 U.S.C. § 1203(b)(2); *United States v. Santos Riviera*, 183 F.3d 367, 369 (5th Cir. 1999) ("application of the Hostage Taking Act to a domestic kidnapping not involving the United States government turns on the citizenship status of the offender or victim").

Notwithstanding this incorrect assertion by the defendant, the Fifth Circuit, along with numerous other United States Courts of Appeals, have foreclosed defendant's argument. In *United States v. Santos-Riviera*, the Fifth Circuit considered whether the Hostage Taking Act violated the defendant's equal protection rights because it discriminated on the basis of alienage. *Id.* at 372. Citing to prior holdings in the Second and Ninth Circuits, the Fifth Circuit held that the statute would be upheld if it was "rationally related to a legitimate government interest." *Id.* at 373 (citing *United States v. Lue*, 134 F.3d 79, 87 (2d Cir. 1998) and *United States v. Lopez-Flores*, 63 F.3d 1468, 1475 (9th Cir. 1995)). Finding the statute was enacted to "address legitimate foreign policy concerns," the Fifth Circuit determined that the statute was constitutional and did not violate defendant's equal protection rights. *Id.* at 374.

Since the rulings of the Fifth, Second, and Ninth Circuits, the Seventh Circuit has likewise upheld the constitutionality of the Hostage Taking Act. *See United States v. Montenegro*, 231 F.3d 389, 394-95 (7th Cir. 2000). The court adopted the reasoning of its sister circuits, and denied defendant's challenge on Fifth Amendment grounds. Despite defendant's argument that the ruling in the Fifth Circuit is somehow outdated, this court must follow the unequivocal holding of the Fifth Circuit. And, consistent with all other circuit courts to consider this issue, the court denies defendant's challenge to the constitutionality of the Hostage Taking Act.

### B.     Bill of Particulars

Defendant requests that the court order a bill of particulars with respect to the counts of the indictment charging defendant with conspiracy to commit hostage taking and conspiracy to conceal and transport aliens. Particularly, defendant complains that the Fifth Superseding Indictment does not include sufficient factual specificity as to which aliens are alleged to have been seized or the situs where such seizure occurred in counts one, seven, and fourteen.

"An indictment is sufficient if it contains the elements of the offense charged, informs the defendant of the charges, and enables the defendant to plead acquittal or conviction and avoid future prosecutions for the same offense." *United States v. Hatch*, 926 F.2d 387, 391-92 (5th Cir. 1991). Federal Rule of Criminal Procedure 7(f) provides that a defendant may move for a bill of particulars within 14 days after arraignment or at a later time if the court permits. FED. R. CRIM. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable a double jeopardy defense in case of a later prosecution. *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). Whether to grant a motion for such a bill is within the discretion of the trial judge. *Id.*

A bill of particulars, however, cannot be used to obtain a detailed disclosure of the government's evidence prior to trial or in lieu of discovery. *See United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that bill of particulars "is not designed to compel the government to detailed exposition of its evidence"); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). Moreover, where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary. *See United States*

*v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that the "voluminous discovery" provided by the government "obviated the need for a bill of particulars").

The defendant has been charged with the identical or similar charges in multiple superseding indictments for over a year, arguably making this motion untimely. However, irrespective of the motion's timeliness, the information contained in the indictment is sufficient to inform the defendant of the charges against him and to enable him to adequately prepare a defense. The indictment plainly tracks the statutory language for each offense, and in certain counts, identifies specific aliens alleged to have been detained at a specific residence. The indictment is adequate, and what further information defendant seeks is more appropriately sought through discovery.

And, the defense has sought and obtained significant discovery. The government maintains an open-file policy and has provided the defense with the alien and co-defendants' statements and investigative reports pertaining the crimes charges and the aliens involved in this case. Defendant cannot dispute, given the indictments and discovery provided, that he will be surprised at trial or will be unable to adequately prepare a defense.

For these reasons, the court DENIES defendant Samuel Castro-Flores' motion to dismiss (Dkt. 230) and motion for bill of particulars (Dkt. 267).

Signed at Houston, Texas on December 30, 2013.

_____
Gray H. Miller
United States District Judge